UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY BONNELL,

       Plaintiff,                      Case No. 07-cv-15444

v.                                            Honorable Denise Page Hood

DAVE BURNETT AND JOE SCOTT,

       Defendants.
_____/

## ORDER ACCEPTING AND REJECTING IN PART THE FEB. 10, 2009 REPORT AND RECOMMENDATION
## AND
## GRANTING AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation ("R&R") **[Docket No. 21, filed Feb. 10, 2009]**, recommending that the Court deny Defendants' Motion for Summary Judgment **[Docket No. 11, filed March 7, 2008]**. On February 25, 2009, the Defendants filed an Objection **[Docket No. 22]**, to which the Plaintiff filed a Response **[Docket No. 23, filed March 12, 2009]**.

This matter is also before the Court on Plaintiff's Motion for Extension of Time **[Docket No. 24, filed March 24, 2009]**, in which the Plaintiff seeks additional time in which to file a response to Defendants' Objection. It appears, based upon the date contained in the Motion, that it actually predated Plaintiff's Response to Defendant's Objection. As such, the Court finds the Motion for Extension of Time MOOT as Plaintiff has already filed his Response to Defendant's Objection, which is considered herein. The facts of the instant case are thoroughly explored in

the February 10, 2009 R&R.

**II.     STANDARD OF REVIEW**

**A**.     **Report and Recommendation**

The standard for review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636.  This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*

**B**.     **Rule 56(c) Summary Judgment**

Summary Judgment is appropriate where the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party has the burden of showing an absence of evidence to support the non-moving party's case.  *Convington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000).  Once the moving party has met is burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exist for trial.  *Id.*  A mere scintilla of evidence is insufficient to defeat a supported for motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

**C**.     ***Pro Se* Standards of Review**

When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct.  594,

30 L. Ed. 2d 652 (1972).  However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).  In other words, "the lenient treatment generally accorded to *pro se* litigants has limits," and *pro se* litigants are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

### III.   LAW & ANALYSIS

#### A.   Summary of February 10, 2009 Report and Recommendation

In his February 10, 2009 R&R, the Magistrate Judge recommends that this Court should deny Defendants' Motion for Summary Judgment.  In the context of the First Amendment claim, the Magistrate Judge initially clarified the proper issue of the dispute, "whether as a matter of law based on the evidence submitted, plaintiff's religious beliefs are sincerely held and, if so, defendants' denial of a kosher meal was nonetheless reasonable."  (February 10, 2009 R&R, p. 8).  After reviewing the evidence submitted by both parties, and strikingly similar case law, the Magistrate Judge concluded that on these facts that genuine issues of material fact remain with respect to whether Plaintiff's professed religious beliefs are sincerely held and the reasonableness of Defendants' conclusion that they were not sincerely held."  (*Id.* at 13).  The foundation of this recommendation rested upon the Magistrate Judge's examination of both Plaintiff's claims, and the reasons that led to the Defendants' decision that Plaintiff was not being sincere when professing a religious need for a kosher diet.  Further, the Magistrate Judge was unpersuaded by the averments contained in the Defendants' affidavit, which were "based on the best of his recollection;"  (Defs.' Mot. for Summ. J., Ex. 1), nor did he find the attached

3

"Religion Code Change History" useful in the absence of an affidavit explaining the representations made therein. In sum, the Magistrate Judge was convinced that summary judgment is inappropriate

Next, the Magistrate Judge held that Defendants are not entitled to summary judgment for claims potentially arising under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.* After examining the RLUIPA arguments, the Magistrate Judge likewise asserts that the Defendants are not entitled to summary judgment similarly concluding that the "summary judgment stands or falls on the issue of sincerity of the Plaintiff's religious beliefs." (Feb. 10, 2009 R&R, p. 14).

Finally, the Magistrate Judge finds that the Defendants are not entitled to qualified immunity because it was clear, at the time of the present filing, that both the First Amendment and RLUIPA prohibit prisons from denying a kosher diet to a prisoner who has sincerely held religious beliefs requiring such a diet. Additionally, based upon its aforementioned analysis, the Magistrate Judge indicated that a material question of fact exists as to whether Plaintiff's belief is sincerely held.

### B.      Defendants' Objections

The Defendants provide five basis for the rejection of the February 10, 2009 R&R. First, Defendants claim that Magistrate Judge erred when concluding that a material question of fact exists as to Plaintiff's sincerity with regard to needing a kosher diet in prison. Secondly, Defendants assert that the Magistrate Judge erred when recommending Defendants are not entitled to summary judgment on the Plaintiff's potential claims under RLUIPA. Thirdly, Defendant Scott avers that he is entitled to summary judgment because he was not directly

involved in the alleged events beyond denying a grievance. Finally, Defendant Burnett maintains that he is entitled to qualified immunity.

        1.        Material Question of Fact as to Plaintiff's Sincerity With Regard to Needing a Kosher Diet in Prison

In their initial objection, the Defendants claim that the Magistrate Judge declined to put the proper evidentiary weight on their submissions when recommending that a material question of fact exists. In support of this assertion, Defendants rely on the affidavits Dave Burnett and Michael Martin[1], the attached "Religion Code Change History," and the Memoranda of December 16, 2006, November 9, 2007, and February 28, 2008 to demonstrate Plaintiff's lack of subjective sincerity. These submissions, Defendants contend, establish that (1) Plaintiff has changed his religion several times, (2) voluntarily removed himself from the Kosher menu in the past, and (3) during his interview gave answers that "were too general in nature." (Defs.' Objection to the Feb. 10, 2009 R&R, p. 3).

In essence, the Defendants' objection requires this Court to determine whether Plaintiff has established triable questions of material fact as to the sincerity of his belief. At the outset, the Magistrate Judge correctly noted that usually the sincerity of a person's religious belief is a question of fact. *U.S. v. Seeger*, 380 U.S. 163, 185, 85 S. Ct. 850, 13 L. Ed. 2d 733 (1965). Contrary to Defendants' objection, the Magistrate Judge did consider the evidence proffered by Defendant, but found this evidence insufficient to declare judgment as a matter of law. In this Court's opinion, the recommendation is proper in light of the countervailing evidence submitted

---

[1] In an effort to cure their evidentiary defect, Defendants now submit the affidavit of Michael Martin, which explains the record keeping system regarding prisoner religious preferences. (Affidavit of Michael Martin, Defs.' Objection to the Feb. 10, 2009 R&R, Ex. 1).

by Plaintiff. Namely, the fact that Plaintiff's responses were sufficient to satisfy Chaplin Archer, as evidenced by his comment that Plaintiff was extremely knowledgeable in reference to his religious practices. [Chaplin Archer Diet Approval Request, Pl.'s Resp. to Defs.' Objection, Ex. 2] Moreover, as Plaintiff argues, the basis of the Defendants' denial was in large part contingent upon Plaintiff's actions in 1997 and 1999, and should have minimal bearing upon the 2006 evaluation of his sincerity. Viewing this evidence in a light most favorable to the non-movant, as well as drawing all reasonable inferences his favor, the Court finds that a material question of fact exists as to whether Plaintiff's beliefs are truly held. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

    2.   Claims Under RLUIPA

In reference to the potential RLUIPA claims, the Defendants surmise that the Magistrate Judge's analysis was circular, and that there is no question of material fact requiring submission to a jury. The Defendant again submits that Plaintiff, based upon the aforementioned objective indicators, was unable to demonstrate a sincerely held belief in Judaism, and more importantly the necessity of a kosher diet. This Court finds the Defendants' objection without merit.

As a preliminary matter, when viewing this portion of the Report & Recommendation in its entirety, it is apparent that the Magistrate Judge's reasoning is far from circular. Rather, the Court finds the basis of his decision to be determinative. More specifically, the issue is not whether the procedure established by MDOC violates RLUIPA; on this point the Magistrate Judge correctly found that Defendants' policy – limiting a kosher diet to those individuals holding a sincerely held belief – passed constitutional muster. *Cutter v. Wilkinson*, 544 U.S. 709, 125 S. Ct. 2113, 161 L. Ed. 2d 1020 (2005) ("[Congress] anticipated that courts would

apply the Act's standard with 'due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources.") On this point the Magistrate Judge and Defendants appear to agree.  Yet, the proper dispute, concerns the application of Defendants policy to the Plaintiff, namely, whether or not the Defendants properly determined that Plaintiff's beliefs are sincerely held.  At this stage of the proceedings, and in light of the aforementioned countervailing evidence presented by the Plaintiff, this Court concludes that summary judgment on this claim would also be inappropriate.  *See e.g. Horacek v. Burnett* No. 07-18885, 2008 WL 4427825, 2008 U.S. Dist. Lexis 84903(E.D. Mich. Aug. 09, 2008) (nearly identical circumstances).

       3.    <u>Defendant Scott</u>

Thirdly, Defendants submit that the Magistrate Judge failed to analyze whether Defendant Scott is entitled to summary judgment based upon a lack of personal involvement.  On this point, the objection is well-taken.  Pursuant to the Amended Complaint, the only involvement of Defendant Scott is as follows:

> In response to plaintiff's grievance Joe Scott, Assistant Deputy Warden, informed plaintiff that his request was denied because plaintiff's response to questionnaire questions were too general, and cited PD 05303.150 "Religious Beliefs and Practices of Prisoners" at paragraph TT, as authority.

(Amended Compl. ¶6).  Based upon the Amended Complaint, Plaintiff's only allegation against Defendant Scott is contingent upon his role a grievance reviewer.  It is well-established that where a state actor's role is limited to the denial of administrative grievances, or the failure to act with respect to such grievances, such state actors are not liable under § 1983 on the theory that their actions constituted an acquiescence with respect to the alleged unconstitutional conduct.

*See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Miller v. Bock*, 55 Fed. Appx. 310, 311-12 (6th Cir. 2003). As such, this Court finds that Defendant Joe Scott is entitled to summary judgment.

      4.    Qualified Immunity

Defendant Burnett's final objection opposes the Magistrate Judge's recommendation that he is not entitled to qualified immunity. To support this assertion, Defendant Burnett submits that he "used his experience and expertise in applying that the legitimate policy directive and operating procedure and thus determining that Plaintiff did not sufficiently manifest sincerity in his belief in the necessity of a kosher diet..." (Defs.' Objection to the Feb. 10, 2009 R&R, p. 8). This Court is unpersuaded by Defendant Burnett's objection.

"Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Dominguez v. Correctional Medical Services*, 555 F.3d 543 (6th Cir. 2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). When determining if a government official is entitled to qualified immunity courts must answer two inquires: (1) viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred?; (2) was the right clearly established at the time of the violation? *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006). Although this two-part analysis is no longer mandated, the Supreme Court has recently noted that its application may still prove beneficial. *Pearson v. Callahan*, --- U.S. ---, 129 S. Ct. 808, 818, 172 L. Ed. 2d 565 (2009).

Viewing the facts in the light most favorable to the Plaintiff, this Court agrees with the Magistrate Judge in holding that Defendant Burnett is not entitled to qualified immunity. In so doing, this Court likewise recognizes that as of the time of the events alleged in this action, both the First Amendment and RLUIPA prohibited prison officials from denying a kosher diet to a prisoner who has sincerely held religious beliefs. Accordingly, if Plaintiff is able to prevail upon the allegations made in his Complaint, he will have established that the Defendants violated rights that are clearly established under the First Amendment and RLUIPA. *Figel v. Overton*, 263 Fed. Appx. 456, 458-59 (6th Cir. 2008); *see also Lovelace v. Lee*, 472 F.3d 174, 199 (4th Cir. 2006); *see e.g. Horacek*, 2008 WL 4427825, *10.

### V. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Paul J. Komives **[Docket No. 21, filed Feb. 10, 2009]** is **ADOPTED** and **REJECTED IN PART**.

**IT IS FURTHER ORDERED** that Defendants Motion for Summary Judgment **[Docket No. 11, filed March 7, 2008]** is **GRANTED IN PART** and **DENIED IN PART**. The claims against Defendant Joe Scott are dismissed. The claims against Defendant Dave Burnett remain.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time **[Docket No. 24, filed March 24, 2009]** is **MOOT**.

s/ DENISE PAGE HOOD  
Denise Page Hood  
United States District Judge

Dated: *March 31, 2009*

I hereby certify that a copy of the foregoing document was served upon Jeremy Bonnell, Reg. No. 236381, Carson City Correctional Facility, 10522 Boyer Rd., Carson City, MI 48811 and counsel of record on March 31, 2009, by electronic and/or ordinary mail.

S/William F. Lewis  
Case Manager

9