UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY BONNELL (#236381),

        Plaintiff,

v.                                                Case No 07-CV-15444
                                                Honorable Denise Page Hood
DAVE BURNETT and
MICHAEL MARTIN,

        Defendants.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND
DENYING PLAINTIFF'S OCTOBER 30, 2010 MOTION FOR PARTIAL SUMMARY
JUDGMENT AS MOOT AND
DENYING PLAINTIFF'S FEBRUARY 14, 2011 PARTIAL SUMMARY JUDGMENT
MOTION AND REFERRING BACK TO MAGISTRATE JUDGE**

## I. INTRODUCTION

This matter is before the Court on Magistrate Judge Paul J. Komives's Report and Recommendation ("R&R"), dated May August 10, 2011. **Docket No. 68**. On October 30, 201, Plaintiff filed a Motion for Partial Summary Judgment on the Issue of Liability. **Docket No. 49**. On February 14, 2011, Plaintiff filed a Renewed Motion for Partial Summary Judgment. **Docket No. 63**. On August 24, 2011, Plaintiff filed Objections. Defendants did not file any Objections.

## II. STANDARD OF REVIEW

    **A.**    **Report and Recommendation**

When examining a Magistrate's Report and Recommendation, 28 U.S.C. § 636 governs the standard of review. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28

1

U.S.C. § 636(b)(1). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

      **B.**      **Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must review the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586; *Celetrex Corp v. Catrett*, 477 U.S. 317, 232-24 (1986).

**III.**    **ANALYSIS**

The R&R recommends that this Court deny as moot Plaintiff's October 30, 2010 motion for partial summary judgment as to liability and deny with prejudice Plaintiff's February 14, 2011 renewed motion for partial summary judgment as to liability.

      **A.**      **Plaintiff's October 30, 2010 Motion for Partial Summary Judgment**

This Court accepts the Magistrate's analysis and recommendation as to the October 30, 2010 motion for partial summary judgment. It is apparent that Plaintiff's October 30, 2010 motion for partial summary judgment related to the second amended complaint. The February 14, 2011 motion for partial summary judgment is identical to the October 30, 2010, except the

February 14, 2011 motion for partial summary judgment includes additional arguments. This Court finds that the October 30, 2010 motion is moot.

**B.     Plaintiff's February 14, 2011 Renewed Motion for Partial Summary Judgment**

Plaintiff objects to the R&R's recommendation to deny Plaintiff's February 14, 2011 Renewed Motion for Partial Summary Judgment. As to both his First Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims, Plaintiff has four objections. First, Plaintiff argues that the record presents no "genuine issue" and a rational trier of fact would find on Plaintiff's behalf. Specifically, Plaintiff's sincerity as to his faith is established and the Defendants' denial of Plaintiff's requests for a kosher diet was unreasonable. Second, Plaintiff contends the R&R improperly relied on Defendants' argument that Plaintiff had an improper motive for requesting a kosher diet. Plaintiff further contends that Defendants' argument is largely unsupported by the record and evidence previously relied was discredited by this Court.

Third, Plaintiff argues that the R&R did not consider Defendants' failure to use their list of criteria demonstrating sincerity. Plaintiff further argues that Defendants' failure to consider the list of criteria is evidence of unreasonableness. Finally, Plaintiff objects to the R&R's reliance on *Berry v. Granholm*, 343 Fed.Appx. 1 (6th Cir. 2009). Plaintiff contends that the facts are distinguishable because plaintiff in that case admitted to purchasing non-kosher food and was removed from the kosher program; he had violated the prison rules. However, here, Plaintiff was denied placement on the kosher diet and did not violate any prison rule.

This Court accepts the Magistrate's analysis and recommendation as to Plaintiff's First Amendment and RLUIPA claims. First, in evaluating a claim that a prison regulation impinges

on a prisoner's constitutional rights, this Court must consider the reasonableness of the regulation or action at issue.[1] *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). However, before this Court may consider the reasonableness of the Defendants' actions, Plaintiff must present sufficient evidence to demonstrate that his beliefs are sincere and religious in nature. *DeHart v. Horn*, 227 F.3d 47, 51-52 (3d Cir. 2000); *see Colvin v. Caruso*, 605 F.3d 282, 298 (6th Cir. 2010) ("the touchstone for determining whether a religious belief is entitled to free-exercise protection is an assessment of 'whether the beliefs professed ... are *sincerely held,*" not whether "the belief is accurate or logical.') (quoting *Jackson v. Mann,* 196 F.3d 316, 320 (2nd Cir.1999)).

As the R&R reasons, the question of sincerity goes to Plaintiff's state of mind and is a question of fact. Plaintiff and Defendants have each presented evidence that may convince a reasonable trier of fact on this issue0. The evidence is not so one-sided that Plaintiff is entitled to judgment as a matter of law on the issue of sincerity. Additionally, a jury could find that Defendants' actions were reasonable in light of the evidence presented. These are questions that the jury must decide. Plaintiff is not entitled to summary judgment on his First Amendment claim.

Next, the RLUIPA prohibits the government from "impos[ing] a substantial burden on the religious exercise of a person residing in or confined to an institution…unless the government demonstrates that imposition of the burden…(1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling government interest." 42 U.S.C. § 2000cc-1(a). As the Magistrate reasoned, there is no compelling state interest to deny a kosher meal to a prisoner whose religious beliefs regarding

---

[1] In determining whether a regulation is reasonable, this Court must determine: (1) whether there is a valid, rational connection between the regulation or action and a legitimate penological interest; (2) whether there are alternative means to exercise the right; (3) the impact of the accommodation of the right on guards, other inmates, and the allocation of prison resources; and (4) whether alternatives exist that accommodate the prisoner's rights at a de minimis cost to valid penological interests. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987).

the meal are sincerely held. *See Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005). As previously discussed, Plaintiff has presented evidence that his religious beliefs are sincerely held; however, such proof has not completely extinguished all genuine issues of material fact as to Plaintiff's sincerity and Defendants' reasonableness. Summary judgment is inappropriate on Plaintiff's RLUIPA claim.

IV.     **CONCLUSION**

For these reasons, the Court accepts the recommendation to deny Plaintiff's Motion for Summary Judgment on the Issue of Liability and Plaintiff's Renewed Motion for Summary Judgment on the Issue of Liability.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Paul J. Komives's Report and Recommendation **[Docket No. 68, filed August 10, 2011]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Partial Summary Judgment as to Liability **[Docket No. 49]** is deemed **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Renewed Motion for Partial Summary Judgment as to Liability **[Docket No. 63]** is **DENIED** with prejudice.

**IT IS FURTHER ORDERED** that this matter is referred back to the Magistrate Judge for all pretrial proceedings, including the preparation of a proposed final pretrial order. The Magistrate Judge will inform the Court once proposed final pretrial order is complete and a final pretrial conference will be set by the Court.

Dated:  September 29, 2011         S/Denise Page Hood
                                   DENISE PAGE HOOD
                                   UNITED STATES DISTRICT JUDGE

5

07-15444  Bonnell v. Burnett, et al
Order Adopting MJRR, etc.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 29, 2011, by electronic and/or ordinary mail.

 S/Julie Owens
Case Manager, (313) 234-5160